Filed 9/3/15  Ahern v. Asset Management Consultants CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PRISCILLA AHERN et al., | B258030 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS141657) |
| v. | |
| ASSET MANAGEMENT CONSULTANTS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a postjudgment order of the Superior Court of the County of Los Angeles, Michelle R. Rosenblatt, Judge.  Reversed.

Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite-Woodward, Eric V. Anderton for Plaintiffs and Appellants.

Jackson, DeMarco, Tidus & Peckenpaugh, M. Alim Malik, Charles M. Clark for Defendants and Respondents.

# INTRODUCTION

Plaintiffs and appellants (plaintiffs)[1] appeal from the trial court's postjudgment order awarding attorney fees to defendants and respondents (defendants).[2] Plaintiffs contend that the trial court erred when it found that defendants had prevailed on a contract claim and when it determined that defendants were entitled to enforce the attorney fees provision in the purchase agreement in issue. Defendants contend that the issue of whether they are parties to the purchase agreement entitled to enforce its attorney fees provision has been decided in their favor by the trial court in a related action between the same parties. They also contend that they have a right, even as nonsignatories, to enforce the attorney fees provision under Civil Code section 1717.

Contrary to defendants' assertion, the issue of whether defendants are parties to the purchase agreement has been decided *against* them by the Court of Appeal in the other related action between the same parties, case number B253974.[3] Because we agree with that decision, we hold that defendants are not parties to the purchase agreement entitled to enforce its attorney fees provision. We further hold that defendants have no right under Civil Code section 1717 to enforce the purchase agreement as nonsignatories. Accordingly, the attorney fees award must be reversed.

---

**1**     Plaintiffs are Priscilla Ahern, Thomas Ahern, AMLAP Ahern, LLC, and Michael Stella.

**2**     Defendants are Asset Management Consultants, Inc., BH & Sons, LLC, Argent Associates, LLC, Argent Real Estate Associates, L.P., James Hopper, and Gloria Hopper.

3     On our own motion, we take judicial notice of Division Seven's unpublished opinion in case number B253974.

# BACKGROUND[4]

## A.     First Action

### 1.     Complaint

In May 2012, plaintiffs filed a class action in the Superior Court of the County of Los Angeles, case number BC484356 (first action), against, inter alia, defendants. Plaintiffs sought to represent a class of persons who purchased interests in a commercial real estate venture and who allegedly had been fraudulently induced to invest in the venture.

### 2.     *Arbitration Order, Dismissals Without Prejudice, and Defendants' Demand for Arbitration*

In response to the complaint, defendants successfully petitioned the trial court in the first action for an order compelling arbitration pursuant to Code of Civil Procedure section 1281.2[5]. The petition was based on an arbitration clause in a purchase and sale agreement between iStar CTL I, L.P., as seller, and BH & Sons, LLC, as buyer (iStar PSA). The arbitration order provided that the "scope of the Arbitration covers all causes of action, factual allegations and issues alleged by" plaintiffs. In response to the arbitration order, plaintiffs filed and the trial court entered on October 9, 2012, dismissals without prejudice as to their claims against defendants in the first action.

On October 24, 2012, defendants filed a demand for arbitration against plaintiffs before JAMS, Inc. (JAMS)—an alternative dispute resolution provider—which demand sought an order that plaintiffs' dismissals without prejudice be deemed dismissals with prejudice and requested "damages according to proof at the arbitration for affirmative claims they may assert"—i.e. those in their counterclaims. On November 8, 2012, JAMS

---

[4]     Much of the background is taken from our decision in a prior appeal between the same parties—*Priscilla Ahern v. Asset Management Consultants, Inc. et al,* B255853.

[5]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

commenced the arbitration by appointing Alexander Polsky as the arbitrator. Plaintiffs refused to participate in the arbitration, which refusal the arbitrator deemed to be a motion to dismiss. After reviewing the briefs of the parties on the dismissal issue, the arbitrator denied the motion, concluding that he had jurisdiction to determine the affirmative claims asserted by defendants in the arbitration that related to the factual allegations and claims asserted by plaintiffs in the complaint in the first action.

### B. Orange County Action

In December 2012, plaintiffs filed an action in the Superior Court of the County of Orange, case number 2012-00620765 (Orange County action), seeking a writ of prohibition to restrain the arbitrator from proceeding with the arbitration. According to plaintiffs, on February 11, 2013, the trial court in the Orange County action dismissed the petition without prejudice so that it could be refiled with the trial court in the first action in Los Angeles County.

### C. Instant Action

In February 2013, plaintiffs filed the instant action against defendants in the Superior Court of the County of Los Angeles seeking a writ of prohibition to restrain the arbitrator from proceeding with the arbitration. The trial court in the instant action denied plaintiffs' ex parte request for a writ of prohibition, but stayed the arbitration as to defendants' declaratory relief claim only, pending a clarification by the trial court in the first action as to whether defendants' affirmative claims should be adjudicated as part of the arbitration. The trial court in the first action thereafter refused to interfere with the arbitration, ruling that it would address any issue about the arbitrator exceeding his authority in response to a petition to vacate or confirm the award. At a June 2013 status conference in the instant action, the trial court lifted the stay of the arbitration.

4

**D.  Defendants' Arbitration Complaint, Award, and Petitions to Confirm and Vacate**

In February 2013, defendants filed a claim in the arbitration seeking indemnification and declaratory relief.  When the trial court in the instant action lifted the stay of arbitration in June 2013, the arbitration proceeded, and, on September 17, 2013, the arbitrator entered an award in favor of defendants.  On October 4, 2013, defendants filed in the first action a petition to confirm the arbitration award pursuant to section 1285.  On October 15, 2013, plaintiffs filed in the first action a petition to vacate the arbitration award pursuant to sections 1285 and 1286.2.

**E.  Amended Complaint in Instant Action for Declaratory Relief**

After the trial court in the instant action sustained defendants' demurrer to plaintiffs' petition for writ of prohibition, plaintiffs requested and the trial court granted leave to amend the complaint to state a claim for declaratory relief.  On October 15, 2013, plaintiffs filed in the instant action an amended complaint for declaratory relief.   In their declaratory relief claim, plaintiffs alleged that there was "an actual case in controversy relating [to] the legal rights and duties of the respective parties under the iStar PSA [and the propriety of the arbitration].  Plaintiffs seek [a] declaration of the parties' rights and duties under the agreement to arbitrate under the iStar PSA and the propriety of the [arbitration]."

**F.  Order Confirming Arbitration Award and Judgment Based Thereon**

On November 14, 2013, the trial court in the first action issued an order confirming the arbitration award and denying the petition to vacate that award pursuant to section 1286.  On December 12, 2013, the trial court in the first action entered a judgment based on the arbitration award pursuant to section 1287.4.  Plaintiffs filed a notice of appeal from that judgment on January 13, 2014.

5

**G.** **Order Sustaining Demurrer Without Leave to Amend**

**in Instant Action and Judgment Thereon**

In response to the amended complaint for declaratory relief in this action, defendants filed demurrers. On February 20, 2014, the trial court issued an order sustaining the demurrers without leave to amend. The trial court explained its ruling, in part, as follows: "The AMC Defendants[6] challenge the Amended Pleading on four grounds—(1) Plaintiffs fail to state a cause of action because there is no actual controversy; (2) Plaintiffs fail to state a cause of action because an alternative and more effective relief is available; (3) Plaintiffs' cause of action is based on arguments the Court has already rejected; and (4) Plaintiffs are precluded from seeking declaratory relief of whether an arbitration exists between themselves and AMC Defendants in [the iStar PSA]. [¶] Plaintiffs do not address all four arguments. The opposition focuses on the position that an actual controversy exists and has been alleged, i.e. whether or not the arbitration was proper in the first instance. Defendants maintain there is no actual controversy because the arbitration has occurred and an award rendered. Plaintiffs maintain that until the decision is made by the Court of Appeal, Defendants cannot show this action is moot. However, as the reply points out, the appeal filed by Plaintiffs seeks to adjudicate precisely the claims filed here. Plaintiffs have not cited any authority indicating they may maintain both actions. The Court notes that the statutory scheme of the California Arbitration Act does not, within CCP section 1286, provide for the type of attack that Plaintiff is maintaining here. The CAA provides that a party can petition to vacate an arbitration award where the arbitrator acted in excess of his or her authority. See CCP section 1286.2(4). This does appear to be a case of first impression based upon its facts. [¶] Defendants also maintain that Plaintiffs allegations are insufficient because an alternative and more effective relief is available. See *Osseous Technologies of Amer., inc. v. DiscoveryOrtho Partners LLC* (2010) 191 Cal.App.4th 357, 364 ('"The mere circumstances that another remedy is available is an insufficient ground for refusing

---

**6**     The trial court's ruling referred to defendants as "the AMC  Defendants."

6

declaratory relief, and doubts regarding the propriety of an action for declaratory relief . . . generally are resolved in favor of granting relief."'); *Cal. Ins. Guar. Ass'n v. Sup. Ct.* (1991) 231 Cal.App.3d 1617, 1624 ('availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief' but '[t]he refusal to exercise the power is within the court's legal discretion. . . .').  While the pleading alleges Plaintiffs 'have no other appeal or plain, speedy and/or adequate remedy in ordinary course of law,' as discussed above, petitions to confirm and vacate the arbitration award at issue in this pleading have been filed, heard, and the ruling appealed.  That appeal is currently pending. . . ."

### H.    Appeal From Judgment of Dismissal in Instant Action

On April 22, 2014, plaintiffs filed a notice of appeal from the "[j]udgment of dismissal after order sustaining a demurrer."  At the time plaintiffs filed their notice of appeal, however, no final judgment of dismissal had been entered.  A final judgment of dismissal was not entered until June 27, 2014.

Although plaintiffs' appeal was premature because it was taken from the nonappealable order sustaining the demurrer without leave to amend, we treated it as being from the subsequently entered final judgment of dismissal.  (*Maxwell v. Dolezal* (2014) 231 Cal.App.4th 93, 96, fn. 1 ["We deem appellant's premature appeal, filed after the nonappealable order sustaining the demurrer without leave to amend and before the judgment of dismissal was entered, to be an appeal from the subsequent judgment of dismissal.  (See *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5 [104 Cal.Rptr.2d 183].)"].)  On June 16, 2015, we affirmed the trial court's dismissal order in case number B255853.

### I.    Attorney Fees Award

In March 2014, defendants filed a motion for attorney fees.  Defendants argued that they were the prevailing parties on a contract dispute under the iStar PSA which

contained a prevailing party attorney fees provision.[7] Plaintiffs opposed the motion, arguing that defendants had not prevailed on a contract dispute and that defendants were not parties entitled to enforce the attorney fees provision in the iStar PSA. On June 2, 2014, the trial court issued a minute order[8] granting defendants' motion for attorney fees in the amount of $13,465. At the hearing on the motion, the trial court explained, "Frankly, I think that the better argument is that non-signatories may recover fees under certain circumstances, and that the *Reynolds* [*Metal Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds*)] case is on point for that proposition as it applies to this matter." On July 29, 2014, plaintiffs filed a notice of appeal from the order awarding attorney fees.

## DISCUSSION

### A. Standard of Review

The parties disagree over which standard of review applies to plaintiffs' contentions that defendants were not the prevailing parties under Civil Code section 1717 and were not entitled to enforce the iStar PSA attorney fee provision as nonsignatories under Civil Code section 1717. Plaintiffs contend that a de novo standard governs our review of those issues, but defendants argue that the trial court's award of attorney fees, including its determination of prevailing party status under Civil Code section 1717, is reviewed for abuse of discretion.

We agree with defendants that the trial court's determination that they were the prevailing parties under Civil Code section 1717 is reviewed for abuse of discretion. But the issue of whether defendants were entitled to enforce the iStar PSA attorney fees

---

[7]     The attorney fees provision stated: "10.3 <u>Attorney Fees</u>. In the event either party hereto employs an attorney in connection with [an] action or proceeding by one party against the other arising under the terms of this Agreement, the non-prevailing party shall pay the prevailing party all reasonable fees and expenses, including attorneys' fees, incurred in connection with such claims."

[8]     The trial court's minute order stated that its written tentative ruling was adopted as the final ruling of the court. The tentative ruling, however, is not in the record on appeal.

provision as nonsignatories presents a question of law that is reviewed de novo. (*DisputeSuite.com, LLC v.Scoreinc.com* (2015) 235 Cal.App.4th 1261, 1265, fn. 1 ["While we review the determination of the legal basis for an award of attorney fees de novo (*Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 828 [77 Cal.Rptr.3d 880]), the trial court's actual determination of prevailing party status is often reviewed for an abuse of discretion (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 [86 Cal.Rptr.2d 614, 979 P.2d 974"].)  "Such an abuse occurs only when the trial court acts in an """"arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."""" [Citation.]"  (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 366.)

### B.      Entitlement to Attorney Fees

#### 1.      Prevailing Party on Contract

Plaintiffs contend that the trial court erred when it determined that defendants were the prevailing parties entitled to recover attorney fees under the prevailing party fee provision in the iStar PSA.  According to plaintiffs, the attorney fees provision limited recovery to fees incurred in actions arising under the terms of the iStar PSA.  Therefore, plaintiffs argue, Civil Code section 1717 governs the entitlement issue and that section required a showing that defendants prevailed on a contract claim, which showing defendants cannot make because they prevailed on a procedural issue, not a substantive contract issue.

We do not need to resolve whether the trial court abused its discretion when it found that defendants were the prevailing parties on a contract.  As explained below, even if the trial court did not abuse its discretion, defendants are nevertheless not entitled to enforce the iStar PSA's attorney fees provision because they are not parties with any of the plaintiffs to that agreement.  Thus, they are not entitled as contracting parties to enforce the attorney fees provision, even if they prevailed on a contract claim.

9

## 2. *Parties Entitled to Enforce Attorney Fees Provision*

Plaintiffs contend that the trial court erred in awarding attorney fees to defendants because the iStar PSA attorney fees provision limits fee recoveries to disputes between the parties to that agreement. The attorney fees clause limited an award of attorney fees to "either party hereto." According to plaintiffs, none of the defendants were originally parties to that agreement and only plaintiff BH & Sons, LLC was an original party to the agreement. Prior to the closing of the purchase agreement, BH & Sons, LLC assigned all of its rights under the iStar PSA to defendant AMLAP Ahern LLC and several other nonparty limited liability corporations. Therefore, plaintiffs maintain that there was never a binding attorney fees provision between any of the plaintiffs, on the one hand, and any of the defendants, on the other.

Defendants argue that because the trial court in the first action found that they were parties to the iStar PSA in ruling on the petitions to compel arbitration and confirm the award, the issue of their entitlement to enforce the attorney fees provision has already been decided against plaintiffs. In the alternative, defendants argue that when, as in this case, nonsignatories are required to defend a contract-based claim, they can enforce an attorney fees provision in the subject contract pursuant to the equitable policies of reciprocity that underlie Civil Code section 1717.

In the appeal of the first action, which involved the orders compelling arbitration and confirming the arbitration award, plaintiffs contended that the arbitration clause did not apply. Division Seven of this court determined in reversing the orders in the first action that defendants were not parties to the iStar PSA entitled to enforce the agreement's arbitration clause (case number B253974). Following Division Seven's analysis, with which we agree, we conclude that defendants were not parties to the iStar PSA entitled to enforce its attorney fees clause.

The original parties to the iStar PSA were the third-party seller, iStar CTL I, LLC, and defendant buyer, BH & Sons, LLC. At the closing of the purchase transaction, however, BH & Sons, LLC assigned its rights under the iStar PSA to plaintiff AMLAP Ahern, LLC and several other limited liability corporations that are not named parties to

10

this action.  Based on those relationships, the parties entitled to enforce the attorney fees provision would have been the seller—iStar CTL I, L.P.—and buyer—BH & Sons, LLP, before the assignment, and AMLAP Ahern, LLC, after the assignment—based on a dispute between them arising from the terms of the iStar PSA.  The dispute at issue here was between original buyer and assignor BH & Sons, LLC, and related persons and entities, on the one hand, and subsequent buyer and assignee AMLAP Ahern, LLC, and related persons and entities, on the other.  Therefore, defendants were not parties to the iStar PSA with plaintiffs entitled to enforce that agreement's arbitration clause and attorney fees provision.  Moreover, the attorney fees clause in the agreement refers to "either party hereto."  An assignee is not a "party hereto" for purposes of attorney fees. (See *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 681; see also *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 896.  Defendants refer to *Exarhos v. Exarhos* (2008) 159 Cal.App.4th 898, 906, which holds that a decedent's successor to a contract would be subject to the attorney fees clause, but noted that a decedent's successor in interest "is far more closely aligned to the decedent than a party's contractual assignee is to the contracting party."  So *Exarhos* does not assist defendants.

Contrary to their assertion, defendants have no right as nonsignatories to the benefit of the iStar PSA attorney fees provision under Civil Code section 1717.  "In *Reynolds,* [*supra,* 25 Cal.3d 124], our Supreme Court addressed whether nonsignatories to a contract can share the benefits and burdens of a prevailing party attorney fees clause. The plaintiff (a supplier) sued the defendants (shareholders and directors of a bankrupt corporation supplied by the plaintiff) on an alter ego theory.  (*Id.* at p. 127.)  The trial court rejected the alter ego theory and awarded attorney fees to the shareholder defendants, based on a contract signed by the bankrupt corporation.  (*Ibid.*)  Highlighting the policy of reciprocity established in Civil Code section 1717 [footnote omitted], the *Reynolds* court affirmed the award.  (*Reynolds*, at pp. 128-129.)  'Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be

11

entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.' (*Id.* at p. 128.) *Reynolds* concluded that the shareholder defendants must be entitled to recover attorney fees because if they had lost, they clearly would have been held liable for the supplier's attorney fees as the alter egos of the bankrupt corporation. (*Id.* at p. 129; see *Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 828-829 [77 Cal.Rptr.3d 880] [applying *Reynolds*].)" (*CB Richard Ellis, Inc. v. Terra Nostra Consultants* (2014) 230 Cal.App.4th 405, 416-417.)

Here, plaintiffs sued defendants in the instant action based on the iStar PSA's arbitration provision, which action raised a principal issue—whether defendants were parties to that agreement. In doing so, plaintiffs sought to establish that *defendants were not parties to the iStar PSA*, an issue upon which plaintiffs ultimately prevailed in the first action. Unlike the plaintiff in *Reynolds, supra,* 25 Cal.3d 124, if plaintiffs in this action had prevailed on their claim, they would have had no right to attorney fees against defendants under the iStar PSA because they would have established that they were not parties with defendants bound by the iStar PSA's arbitration provision. And, because we have determined that defendants are not parties to the iStar PSA with one or more of the plaintiffs, defendants could not have prevailed on the merits of the declaratory relief claim or ever established a right to attorney fees thereunder. Therefore, the equitable policy of reciprocity that underlies Civil Code section 1717 has no application to the facts of this case.

12

**DISPOSITION**

The postjudgment order awarding attorney fees to defendants is reversed. Plaintiffs are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

13