Filed 12/18/20  Newstart Real Estate Investment v. Huang CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NEWSTART REAL ESTATE INVESTMENT LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JACK HUANG et al., <br><br> Defendants and Respondents. | B289513 <br><br> (Los Angeles County Super. Ct. No. BC502938) |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Marc Marmaro, Judge.  Affirmed.

Gary Hollingsworth, Chiao & Wu, Ching K. Chiao and Alexei Brenot for Plaintiff and Appellant.

Law Office of Kirk G. Downing, Kirk G. Downing; Law Offices of Seth M. Goldberg and Seth M. Goldberg for Defendants and Respondents 325 Flamingo LLC, Allen Yeh, Jennifer Yeh, Tony Yeh and Bin Fen Cheng.

Robert Gentino for Defendants and Respondents Jack Huang and Regal Rock, Inc.

———————————

Defendant 325 Flamingo LLC sold a Ramada Inn in Las Vegas to plaintiff Newstart Real Estate Investment LLC. Regal Rock, Inc. and its principal, Jack Huang, also known as Ming Shan Huang, brokered the transaction. Plaintiff sued Regal Rock and Mr. Huang (the broker defendants) and 325 Flamingo and its members, Allen Yeh, Jennifer Yeh and Bin Fen Cheng (the seller defendants), alleging numerous causes of action related to plaintiff's purchase of the hotel. Plaintiff also sued Tony Yeh, who was not a member of 325 Flamingo but acted on its behalf in negotiating the sale of the hotel.

The jury awarded compensatory damages against 325 Flamingo, Mr. Huang and Regal Rock, and punitive damages against Mr. Huang and Regal Rock. However, as explained below, the court entered judgment against only 325 Flamingo and Mr. Huang. In a bench trial, the court found 325 Flamingo and its members were not alter egos and entered judgment in favor of the individual seller defendants.

Plaintiff claims many errors by the trial court. We affirm.

## BACKGROUND

### 1. Plaintiff's Allegations

Plaintiff bought the Ramada Inn in Las Vegas in 2012. In 2013, plaintiff sued the broker, seller, the escrow company, and each of these entities' principals and members. Plaintiff alleged breach of contract, fraud, conspiracy and other causes of action. The escrow defendants obtained judgment in their favor and are not parties to this appeal.

The complaint alleges plaintiff's principal does not speak or read English, and defendants conspired to take advantage of him by selling the property at an inflated price. Mr. Huang and the members of 325 Flamingo made numerous misrepresentations

2

about the contents of deal documents and misrepresented the value of the property, saying it was worth $77 million, when it was only worth $4.5 million.  Mr. Huang was the broker for both plaintiff and 325 Flamingo, and pressured plaintiff to make a full price offer on the property for $12.6 million.  Plaintiff paid $11.3 million for the property.

The broker defendants failed to disclose the requirements for transfer of the Ramada franchise license to plaintiff.  Plaintiff was unable to obtain a transfer of the franchise, which was the primary consideration for the transaction.  The broker defendants did not disclose that the purchase agreement and escrow instructions allowed plaintiff to cancel the sale for a full refund if the franchise was not transferred to plaintiff.

The seller defendants did not provide documents and disclosures required by the purchase agreement, such as profit and loss statements and disclosures about the condition of the property.  Defendants later induced plaintiff's principal to sign a waiver of any right to these documents and disclosures, without explaining the nature of the document he was signing.

The complaint included alter ego allegations against 325 Flamingo and its members and alleged each defendant was acting as the agent of the other defendants.

## 2. **Trial and Judgment**

After considerable law and motion proceedings, trial was held over three weeks in October and November 2017.  The jury returned a special verdict finding "Jack Huang and/or Regal Rock" caused plaintiff to suffer $1.62 million in economic damages.

Punitive damages were tried separately. The jury's special verdict imposed punitive damages of $280,000 against "Jack Huang and/or Regal Rock."

The jury also returned a special verdict against 325 Flamingo for over $1.2 million. The jury found no portion of the damage award against 325 Flamingo was included in the $1.62 million award against "Jack Huang and/or Regal Rock." The total damages awarded appear to represent the difference in value between what plaintiff paid, and what its trial expert testified the property was worth.

Plaintiff's alter ego allegations against 325 Flamingo and its members were tried to the court in a bifurcated proceeding. The court found that 325 Flamingo and its members were not alter egos.

On January 3, 2018, the court entered judgment against Mr. Huang and 325 Flamingo, and in favor of Regal Rock and 325 Flamingo's individual members. We discuss below the proceedings that led to the entry of judgment in favor of Regal Rock despite the jury verdict against it. The judgment awarded postverdict interest at a rate of 10 percent per year, accruing from the date the jury verdict was rendered in November 2017, but did not award prejudgment interest.

3. **Posttrial Motions**

Mr. Huang successfully moved for a new trial of punitive damages. The court granted the motion "subject to denial if Plaintiff accepts a reduction to $10,000." Plaintiff did not accept the court's proposed reduction of punitive damages.

Plaintiff moved for $800,165 in attorney fees against 325 Flamingo, based on the attorney fees provision in the purchase agreement. The individual seller defendants filed a

4

competing fee motion, seeking $596,598 in fees, pursuant to the reciprocal fee provisions of Civil Code section 1717.

Regal Rock filed a memorandum of costs, seeking over $23,000 in costs, as a prevailing party. Plaintiff moved to tax costs, arguing there was a unity of interests between Mr. Huang and Regal Rock, and the costs were necessarily incurred for Mr. Huang's benefit as well.

The trial court awarded plaintiff attorney fees of $143,257.92 against 325 Flamingo and awarded the individual seller defendants attorney fees of $105,000 against plaintiff. The court granted the seller defendants' motion to offset the fee awards. The court granted plaintiff's motion to tax Regal Rock's costs in part and awarded Regal Rock costs of $4,609.77.

## DISCUSSION

### 1. Conspiracy Claim

Before trial, the court summarily adjudicated the conspiracy claim in favor of the seller defendants, finding there is no independent tort of conspiracy. The trial court also granted the seller defendants' motion in limine to bar any reference at trial to a civil conspiracy, or any evidence or argument that the seller defendants conspired with the other defendants to inflate the price of the hotel. The court reasoned the purpose of conspiracy allegations is to impose joint tortfeasor liability, but no tort claim had been stated against the seller defendants. The trial court acknowledged, however, that the complaint included agency allegations that might support vicarious liability.

Plaintiff argues the trial court did not consider evidence in granting summary adjudication, and should have given plaintiff leave to amend its complaint. However, plaintiff does not argue that it ever asked the trial court for leave to amend. More to the

5

point, plaintiff concedes (as it must) that conspiracy is not an independent cause of action. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 172–173.)

It appears plaintiff's real complaint is the trial court erroneously granted the motion in limine, preventing it from presenting evidence of conspiracy to hold the seller defendants liable for Mr. Huang's fraud. Plaintiff argues that even without the conspiracy cause of action, the complaint included conspiracy-type allegations (e.g., agency allegations) against the defendants that it should have been permitted to prove.

We review a ruling on a motion in limine for abuse of discretion. (*Ulloa v. McMillin Real Estate & Mortgage, Inc.* (2007) 149 Cal.App.4th 333, 338.) Under this deferential standard of review, we find no error. The conspiracy allegations had been resolved against plaintiff by summary adjudication. The complaint did not state a fraud cause of action against the seller defendants. The misrepresentation claims were alleged only against the broker and escrow defendants. Plaintiff did not allege the seller defendants were liable for misrepresentations of the broker and escrow defendants as agents or otherwise.

Further, plaintiff cites nothing in the record showing the trial court prevented plaintiff from offering agency evidence, and the portions of the record we have reviewed demonstrate that the court was amenable to arguments and evidence of agency. Therefore, plaintiff has failed to demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

## 2. Alter Ego Findings for 325 Flamingo and Its Members

The court found 325 Flamingo was not the alter ego of the individual seller defendants. Plaintiff complains the court's

6

findings are not supported by substantial evidence, arguing that 325 Flamingo failed to follow corporate formalities, and sale proceeds were not distributed in proportion to the interests of the members in 325 Flamingo. (The members were a mother, son, and daughter.)

Plaintiff has waived this contention by discussing only the evidence favorable to its position. (*County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274 [an appellant must discuss all significant facts, and the failure to state all of the evidence fairly in its brief waives the alleged error].)

Plaintiff failed to summarize the substantial evidence in support of the trial court's findings. The managing member of 325 Flamingo testified, among other things, 325 Flamingo was managed by a third party management company. 325 Flamingo employed an accountant to prepare tax returns and keep business records, and the accountant coordinated with the management company to obtain the necessary records and information. Each member made significant capital contributions and loans to 325 Flamingo and never withdrew money from it. Plaintiff is asking us to reweigh the evidence, which we cannot do. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)

3.    **New Trial Motion**

In the punitive damages phase of the trial, Mr. Huang testified he owned no real estate, his income was $65,000 a year, he had not earned a real estate commission since 2012, and the equity in his automobile was only $5,000. Plaintiff did not present any other evidence of Mr. Huang's financial condition. However, plaintiff argued that since Mr. Huang had earned a

$280,000 commission from the sale of the hotel, it would be fair for him to pay that amount in punitive damages. The jury awarded punitive damages of $280,000.

Mr. Huang moved for a new trial of the punitive damages award, arguing it was excessive in light of his limited assets. The trial court granted the motion, finding there was no evidence Mr. Huang was able to pay such a large award. The court found Mr. Huang's past ability to earn a commission of $280,000 was irrelevant to his current net worth and ability to pay the award.

On appeal, plaintiff argues the court erred in granting the motion for a new trial. Plaintiff's briefs do not discuss Mr. Huang's testimony, and again, plaintiff has failed to fairly summarize the evidence and has waived the alleged error.

When a trial court grants a new trial on the issue of excessive damages, the presumption of correctness normally accorded to the jury's verdict is replaced by a presumption in favor of the order, and we review the trial court's ruling for an abuse of discretion. (*Neal v. Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 932–933.) Plaintiff has not demonstrated error in the trial court's conclusion that Mr. Huang's earnings in 2012 did not prove his current ability to pay the punitive damages award, especially since he testified he had not earned a real estate commission since then. (*Adams v. Murakami* (1991) 54 Cal.3d 105, 112–113 [a punitive damages award is excessive if it exceeds a defendant's ability to pay].)

4.    **Exclusion of Expert Testimony**

Plaintiff argues it was error for the trial court to exclude its expert's testimony about lost profits from 325 Flamingo's failure to transfer the franchise license, and the lost opportunity to invest elsewhere the sums plaintiff paid for the hotel. Plaintiff

8

argues the court also erred by excluding another expert's testimony about discrepancies between the accounting provided to plaintiff and 325 Flamingo's tax returns, claiming the discrepancies demonstrated fraud on the part of the seller defendants.

A trial court has broad discretion to exclude evidence pursuant to Evidence Code section 352. (*Garfield v. Russell* (1967) 251 Cal.App.2d 275, 279.) We find no abuse of that discretion here.

The court excluded the expert testimony about lost profits and the discrepancies between its accounting to plaintiff and 325 Flamingo's tax returns on the grounds that evidence was irrelevant and risked prejudice due to jury confusion. Plaintiff's brief quotes at length case law about the admissibility of expert testimony, most of which concerns an expert's qualifications to offer an opinion, which was not the basis for the court's rulings. Plaintiff does not provide a full and fair summary of the evidence or the trial court's ruling or reasoning. There is no application of the cases cited to the facts in the record. Plaintiff says the rulings left it without proof of fraud in misstating the hotel's income, but plaintiff did not allege fraud against 325 Flamingo, as we discussed, *ante*.

Plaintiff also complains the court did not admit exhibits relied upon by one of its experts regarding costs incurred by the seller defendants and paid by plaintiff before the close of escrow. Plaintiff acknowledges its expert was permitted to testify about these costs, despite exclusion of the exhibits. Again, plaintiff provides no citations to the record, no summary of the trial court's ruling or reasoning, and no explanation why plaintiff was prejudiced by the exclusion of the exhibits. We see no prejudice,

9

since the expert testified to the amount plaintiff paid as reflected in the exhibits.

**5.     Plaintiff's Attorney Fees Award**

Plaintiff sought to recover $800,165 in attorney fees from 325 Flamingo, based on the attorney fees provision in the purchase agreement.  The motion was supported by billing records from February 2013 through January 2018, when the fee motion was filed.  Counsel's declaration in support of the motion stated it was impossible to apportion the time spent litigating the claims among 325 Flamingo and the individual seller defendants.

The court did not question the hourly rate or total number of hours spent, but instead apportioned the fees among the six groups of defendants (the escrow company and its agent, Regal Rock and Mr. Huang, and 325 Flamingo and its members).  The trial court awarded $143,257.92 in attorney fees against 325 Flamingo, one-sixth of the total fees requested plus fees incurred to bring the fee motion.

After reviewing the extensive billings records, the court found plaintiff was seeking to recover nearly all its fees incurred in the action from 325 Flamingo, and that it would be unreasonable for 325 Flamingo to incur fees related to other defendants with whom Flamingo did not share liability.  Plaintiff says all the defendants were acting in concert and all the fees incurred were necessarily incurred to make its case against 325 Flamingo.  But the trial court rejected that, and plaintiff does not develop an argument with citation to authorities to demonstrate the court abused its discretion.

It is well settled that "the trial court has broad authority to determine the amount of a reasonable fee."  (*PLCM Group, Inc. v. Drexler* (2020) 22 Cal.4th 1084, 1095.)  Once a trial court

10

determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion. (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 505.) The court only abuses that discretion when "it exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish that discretion was clearly abused and a miscarriage of justice resulted." (*Ibid.*)

Plaintiff has not established the trial court abused its discretion in apportioning attorney fees among the six groups of defendants. The court could reasonably conclude it was unfair to saddle 325 Flamingo with fees unrelated to the claims against it.

**6.    Attorney Fees Award for 325 Flamingo's Members**

The individual seller defendants also filed a motion for attorney fees as prevailing parties on the claims against them. They sought $596,598 in fees and supported their fee request with a declaration by 325 Flamingo's managing member and a declaration of counsel, testifying to the total amount of fees incurred in defending the action. The motion did not include billing records, or any breakdown of the work performed by counsel. Counsel apparently filed a supplemental declaration in support of the fee request, detailing the hours spent on the litigation. The supplemental declaration was not included in the record on appeal.

The trial court observed defendants had provided little evidence to demonstrate the reasonableness of their requested fees, and they could not recover fees incurred by 325 Flamingo in its defense. The court relied on its own experience, its knowledge of the case, defendants' supplemental declaration, and plaintiff's

11

attorney fee request to determine that a fee award of $105,000 reasonably compensated the individual defendants for their fees.

Plaintiff contends the individual defendants were not prevailing parties because they are the members of 325 Flamingo against which plaintiff prevailed, their request for fees was not supported by admissible evidence and was excessive, and if they are entitled to fees, they are only entitled to fees incurred for the half-day alter ego trial.

The record is inadequate to review the claimed error, as the supplemental declaration detailing the number of hours expended defending the individual seller defendants was omitted from the appendices and was not included in the record on appeal. (*Denham v. Superior Court*, *supra,* 2 Cal.3d at p. 564.)

Plaintiff has cited no authority for the proposition that the individual seller defendants are not prevailing parties because 325 Flamingo did not prevail. Individual defendants tried as alter egos may be awarded contractual attorney fees if they prevail, even if their business entity does not. (*Burkhalter Kessler Clement & George LLP v. Hamilton* (2018) 19 Cal.App.5th 38, 45–46; *Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 829.) All the fees incurred in defending the action are recoverable; not just the fees related to the alter ego trial. (*Horsford v. Board of Trustees of California State etc.* (2005) 132 Cal.App.4th 359, 395.)

As discussed *ante*, the trial court has broad discretion in fixing fees. Detailed billing records are not required to support a fee motion, and the court may award fees without any evidence other than the court's own observation of the proceedings. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559; see also *Fed-*

12

*Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 227.)

### 7. Verdict in Favor of Regal Rock

The jury awarded $1.62 million in economic damages against "Jack Huang and/or Regal Rock, Inc." The special verdict form sometimes referred to only Jack Huang's conduct, and sometimes to the conduct of "Jack Huang and/or Regal Rock, Inc." Four of the special verdict questions referred to both Jack Huang and/or Regal Rock, while 17 questions referred only to Mr. Huang.

For example, the verdict form asked whether plaintiff "and Jack Huang and/or Regal Rock, Inc., enter[ed] into a contract?" The verdict also asked whether "Jack Huang and/or Regal Rock, Inc." failed to perform under the contract, and whether plaintiff hired "Jack Huang or Regal Rock, Inc." as its real estate agent.

Other questions asked if plaintiff was "harmed by Jack Huang's breach of contract," whether "Jack Huang was negligent," and whether "Jack Huang ma[de] false representation[s]," without mention of Regal Rock.

On December 1, 2017, the court held a hearing on an order to show cause regarding the judgment. The proceedings were not reported. The court ordered the parties to meet and confer regarding the judgment. Plaintiff filed a brief regarding the judgment, arguing the use of the phrase "and/or" in the special verdict form did not render it ambiguous, and any error was invited because Jack Huang and Regal Rock agreed to the language in the special verdict.

Another hearing was held on January 3, 2018. Those proceedings were not reported either. Judgment was entered that same day. The judgment omitted Regal Rock as a joint

tortfeasor, and judgment was entered against only Mr. Huang for the broker parties. The judgment found Regal Rock was a prevailing party.

According to plaintiff's appellate briefs, the court omitted Regal Rock from the judgment because Mr. Huang complained the special verdict form was ambiguous. Plaintiff has failed to point us to any portion of the record establishing that Mr. Huang complained the verdict was ambiguous. We assume the verdict and judgment were discussed at the unreported hearings where the parties conferred about the judgment. However, plaintiff has failed to provide a settled or agreed statement to establish what happened at those hearings. (Cal. Rules of Court, rules 8.134, 8.137.)

Accordingly, we cannot review this claim of error on appeal. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [appellant bears the burden of providing an adequate record on appeal].)

**8.    Regal Rock's Cost Award**

Regal Rock filed a memorandum of costs, seeking over $23,000 as a prevailing party. Plaintiff moved to tax costs, arguing there was a unity of interests between Mr. Huang and Regal Rock, and the costs were necessarily incurred for Mr. Huang's benefit as well. The court granted plaintiff's motion in part, and awarded Regal Rock costs of $4,609.77.

Plaintiff contends all costs, except Regal Rock's first appearance fee, should be allocated to Mr. Huang, as they were necessarily incurred in his defense. However, it is within the discretion of the court to allocate costs " 'in those instances in which several defendants are united in interest and/or join in making the same defenses in the same answer.' " (*Slavin v. Fink*

14

(1994) 25 Cal.App.4th 722, 726.)  Here, the trial court greatly reduced the requested costs, and plaintiff has not demonstrated any abuse of discretion.

**9.      Prejudgment Interest**

Plaintiff requested prejudgment interest in its posttrial brief.  On appeal, plaintiff argues the trial court erroneously concluded that plaintiff was only entitled to interest accruing from the date the verdict was rendered, and interest should be awarded from the date escrow closed.  However, plaintiff's citations to the reporter's transcript in support of this argument contain no discussion of plaintiff's entitlement to prejudgment interest.  We have no idea what arguments the parties may have made in support of or against the imposition of pretrial interest.

The court's minutes for a December 15, 2017 unreported hearing, held after plaintiff's posttrial brief was filed, reflect that all counsel stipulated that prejudgment interest would be awarded from the date of the jury's verdict, November 11, 2017, which is consistent with the judgment entered by the court.  Plaintiff's briefs did not disclose that counsel had stipulated to that aspect of the judgment.  As has been the custom with this appeal, plaintiff has not fairly represented the proceedings below, and has waived the alleged error.

## DISPOSITION

The judgment and orders are affirmed.  Respondents are awarded their costs on appeal.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.          WILEY, J.


15