Filed 1/8/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BURKHALTER KESSLER CLEMENT & GEORGE LLP, | |
| Plaintiff and Respondent, | G054337 |
| v. | (Super. Ct. No. 30-2015-00780494) |
| JENNIFER HAMILTON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Reversed and remanded with instructions.

Avyno Law, Edward F. O'Connor and Jan Sundberg for Defendant and Appellant.

The Law Offices of Eric J. Hardeman and Eric J. Hardeman for Plaintiff and Respondent.

\*          \*          \*

Burkhalter Kessler Clement & George LLP (Burkhalter) subleased a portion of its office space to the Eclipse Group LLP (Eclipse). The sublease contract had a provision for an award of reasonable attorney fees to the prevailing party in the event of a lawsuit. Burkhalter later filed a complaint against Eclipse alleging breach of contract; Burkhalter also named Jennifer Hamilton, a managing partner of Eclipse, as an alter ego defendant. The two defendants were jointly represented by Avyno Law P.C. (Avyno).

Burkhalter prevailed against Eclipse on the breach of contract claim (in a summary judgment motion); Hamilton prevailed against Burkhalter on the alter ego theory (she was dismissed with prejudice). The trial court granted Burkhalter's motion for its attorney fees, but denied Hamilton's motion for her attorney fees. There was no explanation for the court's denial. Hamilton appeals.

We reverse. In some lawsuits involving more than two parties, there may be more than one "prevailing party" entitled to contractual attorney fees under Civil Code section 1717.[1] Here, both Burkhalter and Hamilton are prevailing parties on the contract. On remand, the trial court is directed to award Hamilton reasonable attorney fees that were incurred by Avyno solely in her defense, subject to the court's sound discretion.

I

FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2012, Eclipse entered into a sublease contract to rent a portion of Burkhalter's office space. The agreement was signed by Eclipse's managing partner Hamilton. The contract stated: "In the event that either party shall bring any action or proceeding for damages or for an alleged breach of any provision of this Sublease . . . the prevailing party shall be entitled to recover reasonable attorneys' fees and court costs as part of such action or proceeding."

_____

[1] Further undesignated statutory references are to the Civil Code.

*The Initial Complaint*

In April 2015, Burkhalter filed a complaint, naming Eclipse and Hamilton as defendants. Breach of contract was the sole cause of action. Burkhalter claimed that Eclipse had vacated its premises and owed Burkhalter about $40,000 in unpaid rent and other costs. Burkhalter further alleged that Hamilton is the "alter ego" of Eclipse: "Adherence to the fiction of the separate existence of . . . Eclipse as an entity distinct from Hamilton . . . would permit an abuse of the limited liability partnership privilege, and would promote injustice."

In May 2015, Eclipse and Hamilton filed a joint demurrer to the complaint. At all times Eclipse and Hamilton were jointly represented by Avyno. As to Hamilton, the demurrer generally alleged that Burkhalter had failed to adequately plead its alter ego theory. The court agreed and found that Burkhalter's alter ego allegations were "conclusory. They amount to little more than recitation of the elements necessary for imposition of alter ego. [¶] However, the defendants have jointly demurred. When several defendants file a joint demurrer, it will be overruled if the complaint is good against any of them. [Citation.]"

*The First Amended Complaint*

In November 2015, Hamilton moved for a judgment on the pleadings. Hamilton again generally alleged that Burkhalter had failed to adequately plead its alter ego allegation in its initial complaint. The trial court granted Hamilton's motion for a judgment on the pleadings, with leave to amend. Burkhalter filed a first amended complaint against Eclipse and Hamilton, again alleging (in greater detail) the alter ego theory against Hamilton.

In January 2016, Hamilton filed a separate demurrer to the first amended complaint. The trial court sustained "the general demurrer of defendant Jennifer Hamilton with leave to amend."

3

*The Second Amended Complaint*

In February 2016, Burkhalter filed a second amended complaint, this time naming only Eclipse as a defendant. The trial court granted a motion for summary judgment in favor of Burkhalter, with an award of attorney fees in an amount to be determined. Hamilton later moved for a dismissal with prejudice. The trial court granted the motion. The court stated that "failing to amend after the court sustains a demurrer with leave to amend results in a dismissal with prejudice."

*Hamilton's Motion for Attorney Fees*

In July 2016, Hamilton filed a motion asking the trial court "to enter judgment in her favor and, as the prevailing party, award her reasonable attorney fees in the amount of $105, 928.00 and verifiable costs." Hamilton attached supporting declarations and invoices. Avyno had split its attorney fees evenly between Eclipse and Hamilton. A few weeks later, the trial court filed its ruling. "The court grants the motion, in part. The court grants judgment in favor of Hamilton and permits her to recover costs under [California Rules of Court, rule] 3.1700, but not attorney's fees." Hamilton filed an appeal from the court's denial of her motion for attorney fees.

II

DISCUSSION

In civil litigation, "each party to a lawsuit ordinarily pays its own attorney fees." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) However, the allocation of attorney fees can be provided for by contract, subject to the protections of section 1717. "In any action on a contract, where the contract specifically provides that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party

4

prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees . . . ."  (§ 1717, subd. (a).)

The Legislature enacted section 1717 in order "[t]o avoid the perceived unfairness of one-sided attorney fee provisions . . . ."  (*International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1182.)  Another legislative purpose was to "provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant."  (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.)  Upon notice and motion, a trial court must "determine who is the party prevailing on the contract" for purposes of awarding reasonable attorney fees.  (§ 1717, subd. (b).)

## A.  Standard of Review

A trial court generally has broad discretion to determine the amount of reasonable attorney fees under section 1717, and the award of such fees is governed by equitable principles.  (*Hill v. Affirmed Housing Group* (2014) 226 Cal.App.4th 1192, 1195-1196.)  Trial courts also generally have "discretion in determining which party has prevailed on the contract, or that no party has."  (*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973.)  However, "a party who obtains an unqualified victory on a contract dispute . . . is entitled *as a matter of la*w to be considered the prevailing party for purposes of section 1717."  (*Ibid.*, italics added.)

A trial court's determination that a litigant is a prevailing party under section 1717 is generally reviewed for abuse of discretion, but if the challenge to that determination is solely one of law, the de novo standard of review applies.  (*Khan v. Shim* (2016) 7 Cal.App.5th 49, 55.)  "Thus, it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the

5

legal basis for an attorney fee award is a question of law to be reviewed de novo." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

Here, the record is silent as to the trial court's rationale for denying Hamilton's motion for attorney fees. Burkhalter primarily argues that Hamilton was not a "prevailing party" within the meaning of section 1717, and therefore she is not legally entitled to any attorney fees. We disagree for reasons we shall review de novo.

However, to the extent that the trial court may have exercised its discretion regarding the "propriety or amount" of Hamilton's requested attorney fees, we are not being asked to address that issue in this appeal. Thus, we will leave it to the court's sound discretion on remand. (See *Brown Bark III, L.P. v. Hav*er (2013) 219 Cal.App.4th 809, 830 ["'The trial court . . . is the best judge of the value of professional services rendered in its court . . .' [citation] and allocation of attorney fees" into compensable and noncompensable time units is a matter within the trial court's discretion]; see also *Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 ["A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether"].)

## B. The Designation of a Prevailing Party Under Section 1717

Generally, under section 1717, "there can be only one prevailing party" in a particular lawsuit. (*Frog Creek Partners, LLC v. Vance Brown Inc.* (2012) 206 Cal.App.4th 515, 531 (*Frog Creek*).) In *Frog Creek*, two parties entered into a contract containing an arbitration clause, as well as a provision for attorney fees. One of the parties filed a lawsuit for breach of contract; the defendant filed a petition to compel arbitration. The plaintiff won on the arbitration issue, but ultimately lost on the breach of contract claim. (*Id*. at p. 520.) The trial court awarded attorney fees to both parties (to the plaintiff for prevailing on the arbitration petition; to the defendant for prevailing on the breach of contract claim). (*Id*. at p. 523.)

6

After conducting an extensive review of the legislative history of section 1717, the appellate court found error. (*Frog Creek*, *supra*, 206 Cal.App.4th at pp. 546-547.) *Frog Creek* held that "in any given lawsuit there can only be one prevailing party on a single contract for the purposes of an entitlement to attorney fees"; thus, the court reversed the plaintiff's attorney fee award because it did not ultimately prevail on the breach of contract claim. (*Id*. at pp. 531, 547.) However, the court noted that it was not "confronted with a contract involving more than two parties and have not considered how that would affect the application of Civil Code section 1717." (*Id*. at p. 520, fn. 1.)

In this case, we are confronted with the situation left unconsidered in *Frog Creek*: the application of section 1717 when there are more than two parties in a lawsuit involving an alleged breach of a contract. We find the holding of an earlier appellate case, *Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826 (*Pueblo Radiology*), to be directly on point.

In *Pueblo Radiology*, the plaintiff sued a corporation and two individuals for breach of contract; the complaint alleged that the individuals were liable under an alter ego theory. (*Pueblo Radiology*, *supra*, 163 Cal.App.4th at p. 827.) The trial court bifurcated the alter ego claim and tried it before the substantive breach of contract claim. (*Id*. at p. 828.) Following a 15-day bench trial, the trial court found that the two individuals were not the corporation's alter ego and entered a judgment in their favor. The individuals then successfully moved for contractual attorney fees before the trial on the substantive breach of contract claim against the corporation. (*Ibid*.)

The appellate court approved of the trial court's award of attorney fees. (*Pueblo Radiology*, *supra*, 163 Cal.App.4th at p. 829.) "The trial court's determination that [the individual defendants] were not the alter egos of the corporation effectively ended the case as to them. They were entitled to recover attorney fees under the contract." (*Ibid*.) The court reasoned that is an "accepted rule that attorney fees may be awarded to a defendant when a final determination has been made in defendant's favor.

7

(See, e.g., *First Security Bank of Cal. v. Paquet* (2002) 98 Cal.App.4th 468, 475 [where an action is final as to defendants in their individual capacities, trial court properly determined they had prevailed in the action for purposes of awarding section 1717 attorney fees].)" (*Ibid.*)

Here, Burkhalter's success on the breach of contract claim and recovery of its contractual attorney fees against Eclipse did not prevent Hamilton from recovering her contractual attorney fees against Burkhalter. Just as in *Pueblo Radiology*, Burkhalter's alter ego claim against Hamilton must be separately examined to determine the "prevailing party" as between those two litigants. This is an application of the general principle that a judgment's finality must be separately determined based on the plaintiff's claims against each defendant when there is more than one defendant. (See, e.g., *Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9 [there can be more than one final judgment "'"when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party"'"].)

When viewed from the perspective of Burkhalter's alter ego claim against Hamilton, it is apparent that Hamilton is a prevailing party on the contract. Hamilton secured an unqualified victory against Burkhalter by obtaining a judgment of dismissal with prejudice. Indeed, even though Hamilton was not a party to the contract, she is entitled to recover her attorney fees under section 1717, because Burkhalter would have been entitled to recover its attorney fees against Hamilton had it prevailed on its alleged

8

alter ego theory of liability. [2]  (See *Reynolds Metals Co. v. Alperson*, *supra*, 25 Cal.3d at pp. 128-129.)

*C. Burkhalter's Remaining Arguments*

Burkhalter also argues that Hamilton is not entitled to attorney fees because she is "being represented by her firm on a matter involving the interests of her firm." We find no evidence in the record to support this claim.  Burkhalter sued Hamilton in her individual capacity.  Hamilton was represented by Avyno, an entity that was not a party to the lawsuit.

Finally, Burkhalter argues (in a cursory fashion) that the trial court's denial of Hamilton's motion for attorney fees "should be upheld because her request . . . was premature."  We disagree.  "The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract . . . whether or not the suit proceeds to final judgment."  (§ 1717, subd. (b)(1).)  A party opposing the motion must be given notice and an opportunity to heard.  (See *Cadle Co. v. World Wide Hospitality Furniture, Inc.* (2006) 144 Cal.App.4th 504, 515; but see *Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1305 [party's failure to file noticed motion did not deprive trial court of jurisdiction to award contractual attorney fees].)

Here, Hamilton filed her motion for attorney fees concurrent with a motion for entry of judgment.  Burkhalter apparently maintains that Hamilton should have waited to file the motion for attorney fees until after the trial court had ruled on the motion for entry of judgment.  But that is not required under section 1717.  Further, Hamilton filed

---

[2] This case raises an interesting tactical issue:  whether a plaintiff should plead an alter ego defendant in the initial complaint (and risk a dismissal with prejudice and possible payment of attorney fees); or should a plaintiff hold off and later seek to amend a prevailing judgment.  (See *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1074 [the failure to allege an alter ego "does not preclude a motion to amend the judgment"]; Code Civ. Proc., § 187.)  We take no position on the tactical choice, though we do recollect Ralph Waldo Emerson's cautionary note that:  "When you strike at a king, you must kill him."  (Bartlett, Familiar Quotations (16th ed. 1992) p. 433.)

the motion for attorney fees after she had been dismissed from the lawsuit with prejudice. Moreover, Burkhalter was given notice of the motion for attorney fees, filed a written opposition, and the court ultimately ruled in its favor.


## III

## DISPOSITION

The trial court's order denying Hamilton's motion for attorney fees is reversed. On remand, the court is instructed to award Hamilton reasonable attorney fees that were incurred by Avyno solely in her defense, subject to the court's sound discretion. Costs on appeal are awarded to Hamilton.



MOORE, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

10