Filed 4/27/26  Law Finance Group v. Key CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAW FINANCE GROUP, LLC, | B338733, B341187 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP04251) |
| v. | |
| SARAH PLOTT KEY, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Timothy Patrick Dillon, Judge.  Affirmed.

Frost, Christopher L. Frost, Nicholas D. Lauber and Helen Kazariants for Plaintiff and Appellant.

Wershow & Cole and Jonathan A. Wershow for Defendant and Respondent.

———————————————

Law Finance Group, LLC (LFG) appeals from two trial court orders awarding attorney fees to respondent Sarah Plott Key. LFG contends that the orders deeming Key the prevailing party were premature because the parties must re-arbitrate a dispute that was already arbitrated and was the subject of prior trial court and appellate proceedings. We reject this argument. The outcome of the arbitration is final, and the trial court properly determined that Key, as the prevailing party, was entitled to attorney fees.

## BACKGROUND

### Prior appeal

We draw this factual and procedural background from the prior appeal in this case, *Law Finance Group, LLC v. Key* (Oct. 27, 2023, B305790) [nonpub. opn.] (*Law Finance Group III*). As discussed in *Law Finance Group III*, Key obtained a $2.4 million loan (Loan) from LFG to finance a probate action. The Loan contract (Contract) obligated Key to pay interest, compounded monthly, along with various fees. Key prevailed in the probate action and repaid the principal amount of the Loan, but claimed that the interest and fees were unlawful under the California Financing Law (CFL). (Fin. Code, § 22000 et seq.)

The parties arbitrated the dispute over interest and fees pursuant to an arbitration provision in the Contract. The arbitrators found that the Loan was a consumer loan and, based on that finding, ruled that the compound interest and fee provisions in the Contract were unlawful under the CFL. Despite this finding, the arbitrators awarded LFG approximately $800,000 in damages, consisting of simple interest on the Loan and default interest, plus attorney fees and costs and the expenses of the arbitration.

LFG filed a petition to confirm the award and Key subsequently filed a petition to vacate the award. Key argued that the arbitrators exceeded their authority by awarding damages despite finding that the Loan was a consumer loan, and that, under Finance Code section 22750, the arbitrators instead should have declared the Loan void and

2

not awarded any damages. LFG argued that Key's petition to vacate was untimely under Code of Civil Procedure section 1288. The trial court agreed that the petition to vacate was technically untimely but considered Key's claim regardless in connection with LFG's petition to confirm the award and on equitable grounds. On the merits, the trial court granted Key's request to vacate the arbitration award. The court concluded that the arbitrators' award violated Key's unwaivable statutory rights and contravened an explicit legislative expression of public policy in the CFL because the arbitrators should have declared the Contract void based on the finding that the interest and fee provisions were unlawful.

LFG appealed and, in our initial opinion on the matter, we reversed the trial court's order vacating the arbitration award and directed the court to confirm the award based on the conclusion that Key did not timely seek to vacate it. (*Law Finance Group, LLC v. Key* (2021) 67 Cal.App.5th 307, 325.) Our Supreme Court, however, reversed our decision in pertinent part and directed us on remand to "determine in the first instance whether equitable considerations should excuse Key's failure to comply with the statutory deadline." (*Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 960 (*Law Finance Group II*).)

In *Law Finance Group III*, we concluded that the doctrine of equitable tolling applied to Key's filing of the petition to vacate, and we accordingly affirmed the trial court's ruling vacating the arbitration award. In so finding, we observed, "The only reason that [LFG] received an award in its favor is because the arbitrators—notwithstanding their finding that the Contract was void—still awarded a remedy," and that LFG did "not dispute that, if the Loan was a consumer loan and the interest provisions in the Contract therefore violated the CFL, the remedy afforded by the arbitrators is invalid." We rejected LFG's claim that the arbitrators erred in finding that the Loan was a consumer loan, and noted that LFG failed to

3

request that the trial court independently review the arbitrators' finding.

**Postappeal proceedings**

Following remittitur, Key moved for recovery of attorney fees as the prevailing party pursuant to an attorney fees clause in the Contract. LFG opposed the motions, arguing in part that the fee motions were premature because a new arbitration was required.

In two separate orders the trial court granted the bulk of the attorney fees requested by Key. Its first order, issued on April 19, 2024, the trial court awarded Key $431,655 in fees incurred in connection with the prior appellate proceedings. In its ruling, the trial court found that there was nothing further to litigate regarding the Contract because Key successfully established that the Contract was illegal and void, which was a final adjudication. The trial court reserved the issue of fees incurred in the arbitration for the arbitrators to decide. In the second order, issued on July 24, 2024, the trial court awarded to Key $469,063 for fees she incurred in connection with relevant trial court proceedings.

LFG timely appealed from both of these orders, and we subsequently ordered the appeals consolidated.

## DISCUSSION

## I. Based on a final determination of issues, fees were properly awarded

Pursuant to Civil Code section 1717, when a contract specifically provides for an award of attorney fees to the prevailing party, the party determined to be the prevailing party is entitled to recovery of reasonable attorney fees and other costs. " 'Prevailing party' " includes a defendant in a matter in which the plaintiff does "not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4).) While the trial court generally has " 'discretion in determining which party has prevailed on the contract,' " " 'a party who obtains an unqualified victory on a contract dispute . . . is entitled *as a matter of*

4

*law* to be considered the prevailing party for purposes of section 1717.' " (*Burkhalter Kessler Clement & George LLP v. Hamilton* (2018) 19 Cal.App.5th 38, 43.) Attorney fee awards are normally reviewed for abuse of discretion, though we review de novo related questions of law. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

LFG raises several arguments challenging the trial court's orders, but its first has little bearing on the fees awards at issue here. LFG contends that "the trial court erred when it refused to send the matter to a new arbitration proceeding" following remittitur, an argument we reject. Even if such a procedural remedy was theoretically available and proper, LFG did not effectively request it, either through a renewed petition to compel arbitration or a similar motion. Instead, LFG simply opposed Key's requests for attorney fees. We do not find error for an asserted failure to order relief that was never properly sought. (See *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 766 [arbitration is properly requested by petition to compel arbitration under Code of Civil Procedure section 1281.2]; *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 585 [entitlement to arbitration may be abandoned by conduct].)

Regardless, LFG's contention that a new arbitration is required, which underlies its additional argument that the case is not yet final for purposes of an attorney fee award, rests on a faulty premise. LFG avers that the prior trial court and appellate proceedings vacating the arbitration award were simply interim orders sending the parties back to square one. In other words, LFG would have this court forget, one, that the arbitrators determined that the Loan was a consumer (not a commercial) loan and, two, that subsequent proceedings confirmed (based on the arbitrators' finding) that LFG accordingly could not recover interest or other damages. In fact, in its appellate briefing here, LFG continues to argue that the Loan was a commercial loan,

5

directly contrary to the arbitrators' determination and the courts' acceptance that it was a consumer loan.

LFG's argument is barred by the law of the case doctrine. " ' "The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' " (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.) The doctrine applies not only to questions expressly decided but also to those implicitly decided because resolution of the issue was necessary to the prior appeal. (*Ibid.*)

The claim that LFG pursues here—that there has been no final determination of whether LFG may recover interest and other damages under the Loan—is expressly contradicted by the *Law Finance Group III* opinion. In that prior opinion, we concluded that the trial court did not err in accepting the finding of the arbitrators that the Loan was a consumer loan. We further observed that, although the arbitrators determined that the Contract was therefore void, they improperly awarded a remedy to LFG anyway. In subsequent trial court proceedings and on appeal, LFG did not dispute the conclusion that the arbitrators could not properly award such a remedy based on a consumer loan that violated the CFL. We additionally rejected LFG's claim that the arbitrators erred in finding the Loan to be a consumer loan. In so finding, we explained: "Key sought an order vacating the arbitrators' award on the ground that the remedy awarded to [LFG] violated public policy in light of the findings that the arbitrators had made regarding the Contract. Her request therefore invited the trial court to rely on the arbitrators' findings as the factual and legal support for vacating the arbitration award," which is what the trial court did. LFG did not object to this requested procedure, and so there was no basis to find error.

In sum, *Law Finance Group III*'s conclusion that LFG could not recover interest or other damages on the Loan—which was definitively

6

found to be a consumer loan—was a final determination. There is nothing left to be decided. Accordingly, there is no cause for another arbitration. LFG had the opportunity to argue for a redo of the arbitration in the prior trial court proceedings and in the prior appeal but failed to do so. It cannot properly raise this claim at this late point in the proceedings, and its attempts to argue issues that could have been raised previously are unavailing. " ' "Litigants are not free to continually reinvent their position on legal issues that have been resolved against them by an appellate court." ' " (*Nelson v. Tucker Ellis LLP* (2020) 48 Cal.App.5th 827, 845.)

Moreover, declining to apply the law of the case doctrine in this case would be particularly inappropriate because it would nullify the otherwise effective arbitral determination that the Loan was a consumer loan. Such a course would run afoul of the principle that the merits of a controversy submitted to an arbitrator are generally not subject to judicial review. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.) There are no compelling circumstances that would lead us to consider applying an exception to the law of the case doctrine.[1]

Finally, even if the law of the case doctrine did not apply, LFG's argument that the arbitration process must be repeated would fail regardless. Code of Civil Procedure section 1287 provides that the court "may" order an arbitration rehearing when an award is vacated. Whether to order rehearing is thus a matter for the court's discretion. Based on the circumstances of this case, in which all dispositive issues were finally determined, the trial court would lack discretion to order rehearing even if LFG properly requested it.

---

[1] LFG argues that "public policy" supports a renewed arbitration, based on a pending assembly bill, yet to be enacted into law, that revises the definition of commercial loans. Even if this bill were to become law, however, LFG fails to show that the issue is a matter of important public policy or that it would support renewed arbitration in this matter, where the Contract was executed many years prior.

As our Supreme Court explained in *Law Finance Group II*, " 'judicial review may be warranted when a party claims that an arbitrator has enforced an entire contract or transaction that is illegal.' [Citations.] We have also acknowledged that 'there may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects only a portion of the underlying contract'—for example, where confirming the award 'would be inconsistent with the protection of a party's statutory rights.' " (*Law Finance Group II, supra,* 14 Cal.5th at p. 957.) Here, the trial court properly relied on the arbitrators' determination that the Contract was for a consumer loan. The trial court also properly determined that the ensuing damages award was inconsistent with Key's statutory rights because it violated the CFL. These determinations were affirmed on appeal in *Law Finance Group III*. Simply because the arbitration award has been vacated does not mean that there has been no resolution of the issues. On the contrary, there has been a final determination of the substantive issues, and (putting aside the peripheral issue of attorney fees incurred in arbitration) there is no basis for an arbitration rehearing relating to enforceability of rights under the Contract.

## II. The trial court properly found Key the prevailing party

LFG additionally argues that the issue of who was the prevailing party should have been determined only by the arbitrators, not the trial court. The trial court awarded fees to Key for trial court and appellate proceedings, but found that the question of fees incurred in the arbitration was a matter properly decided by the arbitrators. This ruling was correct.

Code of Civil Procedure section 1293.2 provides that the court shall award fees in arbitration-related judicial proceedings. (*Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508, 513.) That is what the trial court did here. It did not act in excess of its authority by issuing

an award in favor of Key for attorney fees incurred in trial court and appellate proceedings. LFG argues that the trial court should not have awarded fees at all, not that the fees were unreasonable or separate from arbitration-related proceedings. The trial court's authority to award fees in such circumstances, however, is clear.

Moreover, the trial court's determination that Key is the prevailing party is beyond dispute. LFG, as the plaintiff, did "not recover any relief against" Key. (Code Civ. Proc., § 1032, subd. (a)(4).) Key obtained an " 'unqualified victory' " and is therefore entitled to attorney fees as a matter of law. (*Burkhalter Kessler Clement & George LLP v. Hamilton, supra,* 19 Cal.App.5th at p. 43.)

## DISPOSITION

The orders are affirmed. Key is entitled to her costs on appeal, including reasonable attorney fees, in an amount to be determined by the trial court.

NOT TO BE PUBLISHED.



CHAVEZ, Acting P. J.

We concur:



RICHARDSON, J.



GOORVITCH, J.*

---

* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article 6, section VI of the California Constitution.

9